UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **JUDGMENT IN A CRIMINAL CASE** |
| ) | |
| v.  ) | Case Number: **3:21-cr-00221-SRU** |
| ) | USM Number: **78978-509** |
| **Roberto Porzio**  ) | |
| ) | **Anastasia Enos King** |
| ) | Assistant United States Attorney |
| ) | |
| ) | **J. Bruce Maffeo** |
| ) | Defendant's Attorney |

**THE DEFENDANT:** pled guilty to Count 1 of the Information.

Accordingly, the defendant is adjudicated guilty of the following offense(s):

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 26 U.S.C. § 7201 | Tax Evasion | 08/08/2016 | One |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

### IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 12 months and 1 day. The sentence imposed is a non-Guidelines sentence reflecting a number of factors, including the defendant's family circumstances, the need to provide care to his oldest child, the seriousness of the crime, and the defendant's remarkable acceptance of responsibility. Porzio reached out to the government prior to charges being brought. In sum, the sentence is sufficient, but not greater than necessary, to serve the purposes of sentencing.

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 1 year. The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

1. The defendant shall provide the probation officer access to any requested financial information and authorize the release of any financial information. The Probation Office may share financial information with the U.S. Attorney's Office.
2. The defendant shall pay any restitution that is imposed by this judgment, in a lump sum. If the defendant is unable to pay the full balance in a lump sum, any remaining balance is payable at a rate of not less than $200 per month or 10% of the defendant's gross monthly income, whichever is greater. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the probation officer and approved by the Court.
3. The defendant shall cooperate with the Internal Revenue Service to pay all outstanding taxes, interest and penalties. The defendant shall file lawful and timely tax returns and provide copies to the Probation Office.

Judgment in a Criminal Case

Judgment -- Page 2 of 4
Local Form Rev.7/15/2021

DEFENDANT: **Roberto Porzio**
CASE NUMBER: **3:21-cr-00221-SRU**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

| | |
|---|---|
| **Restitution:** | $331,388.00; Previously paid in full to the Internal Revenue Service. |
| **Fine:** | $25,000.00; Due immediately. |
| **Special Assessment:** | $ 100.00 |

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are paid.

## JUDICIAL RECOMMENDATION(S) TO THE BUREAU OF PRISONS

The Court makes the following recommendations to the Bureau of Prisons:

The defendant shall be designated to a non-administrative camp or low security facility close to Westport, CT.

The defendant shall self-surrender directly to the facility designated by the Federal Bureau of Prisons no later than 4:00 p.m. on 11/7/2022 under his own power and at his own expense. In the event the defendant does not receive designation by the Bureau of Prisons prior to the surrender date, the defendant must self-surrender to the United States Marshals Service by noon on 11/7/2022.

4/4/2022
Date of Imposition of Sentence

/s/Stefan R. Underhill
Signature of Judge

**Stefan R. Underhill**
**United States District Judge**
Name and Title of Judge

April 15, 2022
Date

Judgment in a Criminal Case

Judgment -- Page 3 of 4
Local Form Rev.7/15/2021

DEFENDANT: **Roberto Porzio**
CASE NUMBER: **3:21-cr-00221-SRU**

## CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

### MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ■ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ■ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

(5) ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
(4) You must answer truthfully the questions asked by your probation officer.
(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
(13) You must follow the instructions of the probation officer related to the conditions of supervision.

Judgment in a Criminal Case

Judgment -- Page 4 of 4
Local Form Rev.7/15/2021

DEFENDANT: **Roberto Porzio**
CASE NUMBER: **3:21-cr-00221-SRU**

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
         Defendant                            Date

         _____     _____
         U.S. Probation Officer/Designated Witness    Date

CERTIFIED AS A TRUE COPY ON THIS DATE: _____
By: _____
    Deputy Clerk

RETURN
I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____,
with a certified copy of this judgment.

Lawrence Bobnick
Acting United States Marshal

By _____
   Deputy Marshal